FILED

AUG 22 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

SAMUEL AGUILAR-ORTIZ,

Petitioner,

v.

ERIC H. HOLDER, Jr., Attorney General,

Respondent.

No. 08-73206

Agency No. A078-433-365

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 11, 2011[**]

Before: THOMAS, SILVERMAN, and CLIFTON, Circuit Judges.

Samuel Aguilar-Ortiz, a native and citizen of El Salvador, petitions for

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

from an immigration judge's decision denying his application for asylum,

withholding of removal, and protection under the Convention Against Torture

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).  Accordingly, Aguilar-Ortiz's
request for oral argument is denied.

("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006), and we deny the petition for review

Substantial evidence supports the agency's finding that the threats and shootings Aguilar-Ortiz suffered while serving in the military and civilian police force were on account of his ongoing service and not on account of a protected ground. *See Cruz-Navarro v. INS*, 232 F.3d 1024, 1029-30 (9th Cir. 2000) (persecution occurring because a person is a current member of a police force or the military is not on account of a protected ground). Substantial evidence also supports the agency's finding that Aguilar-Ortiz did not establish a well-founded fear of future persecution based on his former military or police service because Aguilar-Ortiz lived in El Salvador without incident for over 15 months after he resigned from the police force. *See Lata v. INS*, 204 F.3d 1241, 1245 (9th Cir. 2000). Accordingly, his asylum claim fails.

Because Aguilar-Ortiz failed to establish eligibility for asylum, he necessarily cannot meet the more stringent standard for withholding of removal. *See Zehatye*, 453 F.3d at 1190.

Finally, substantial evidence supports the agency's denial of CAT relief because Aguilar-Ortiz failed to establish it is more likely than not he will be

tortured upon return to El Salvador. *See Wakkary v. Holder*, 558 F.3d 1049, 1067-68 (9th Cir. 2009). The record does not support Aguilar-Ortiz's contention that the BIA provided an incomplete analysis of his CAT claim.

**PETITION FOR REVIEW DENIED.**

08-73206